UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JERRY ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:22-CV-52-CHB |
| v. | ) | |
| | ) | |
| LAUREL COUNTY, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Jerry Robinson has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1]. Robinson has also filed an Emergency Motion for Temporary Restraining Order. [R. 5]. The Court has granted his motion to proceed *in forma pauperis* by separate Order.

The Court must review the Complaint prior to service of process and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012).

Robinson is a pretrial detainee confined at the Laurel County Detention Center. [R. 1, pp. 1–2]. In October 2020, Robinson was arraigned in the Circuit Court of Laurel County, Kentucky on numerous charges including Third Degree Rape in violation of Ky. Rev. Stat. 510.060, Third Degree Sodomy in violation of Ky. Rev. Stat. 510.090, and Use of a Minor in a Sexual Performance in violation of Ky. Rev. Stat. 531.310. *See* KY CT. OF JUST.,

https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=063&court=1&division=CI&caseNumber=20-CR-00224&caseTypeCode=CR&client_id=0 (last visited Mar. 21, 2022).

In his Complaint, Robinson alleges that in January 2022 he began to suffer excruciating pain in his groin, but that he received no treatment over the next month despite his repeated requests for medical care. [R. 1, pp. 2–3]. He further alleges that Dr. Stella examined him in late February 2022, who advised that he had "fluid and a cyst on his testicle as well as some sort of vein issue." *Id.* at 4. Dr. Stella stated that Robinson would require surgery, but that Laurel County would likely not authorize treatment because of the cost. *Id.* Robinson states that "Laurel County has a policy or custom of denying costly medical treatment to county inmates.  This policy was put in place by Jamie Mosely, Jamie Hart, and APRN Chastity."  *Id.*

Robinson contends that these events constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment. *Id.* at 5. Robinson names as defendants Laurel County, Kentucky; Jailer Jamie Mosley; Medical Administrator Jamie Hart; Dr. Stella; and APRN Chastity, each in their individual and official capacities. *Id*. at 1–2. Robinson seeks damages and an injunction requiring jail officials to authorize the surgery. *Id.* at 10. Robinson has filed a separate Emergency Motion for Temporary Restraining Order, which reiterates his factual allegations and requested relief. [R. 5]

The Court has reviewed Robinson's Complaint and concludes that the claims against Dr. Stella must be dismissed for failure to state a claim. Although Robinson alludes to the Eighth Amendment, his claims are governed by the Fourteenth Amendment because he is a pretrial detainee. *Griffith v. Franklin Cty., Kentucky*, 975 F.3d 554, 566 (6th Cir. 2020) (quoting *Winkler v. Madison Cty.*, 893 F.3d 887, 890 (6th Cir. 2018)) ("The Eighth Amendment's prohibition on cruel and unusual punishment generally provides the basis to assert a § 1983 claim of deliberate

indifference to serious medical needs, but where that claim is asserted on behalf of a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment is the proper starting point."). The distinction matters, because the Sixth Circuit has held that the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) "eliminates the subjective element of a pretrial detainee's deliberate-indifference claim" brought under the Fourteenth Amendment. *Brawner v. Scott Cty., Tennessee*, 14 F.4th 585, 591, 596–97 (6th Cir. 2021).

To state a viable claim for deliberate indifference, a pretrial detainee must allege facts sufficient to indicate the presence of an objectively serious medical condition and that the defendant was aware of the condition but acted with "something akin to reckless disregard" with respect to it. *Id.* at 596 (*quoting Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (*en banc*)). Here, Robinson's allegations fail to state a claim even under this more relaxed standard. He states only that Dr. Stella recommended surgery for his condition and opined that the jail would not authorize it. [R. 1, p. 4]. This isolated statement is no way suggests that Dr. Stella herself refused to recommend surgery or otherwise disregarded a known risk to Robinson's health. The Court will therefore dismiss the claim against her with prejudice.

For the balance of Robinson's claims, the Court finds that it can better evaluate his allegations and claims upon a more developed record. The Court reaches no conclusion at this time regarding whether any or all of these claims will survive a dispositive motion but leaves such arguments to the remaining Defendants to develop and present should they choose to do so. Because the Court has granted Robinson *pauper* status, the Clerk's Office and the United States Marshals Service ("USMS") will serve the defendants on his behalf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

With respect to Robinson's Emergency Motion for Temporary Restraining Order, he must demonstrate facts sufficient to warrant the imposition of preliminary injunctive relief under Federal Rule of Civil Procedure 65(a) as well as satisfy the extraordinary requirements required by Federal Rule of Civil Procedure 65(b). *Serv. Emps. Int'l. Union Loc. 1 v. Husted*, 698 F.3d 341, 344 (6th Cir. 2012) ("[A] preliminary injunction is an extraordinary form of relief and that the moving party in the district court has the burden of proving that the circumstances clearly demand it.") (quotation marks omitted). To determine whether preliminary injunctive relief is warranted, the Court considers:

(1)     whether the moving party has shown a substantial likelihood of success on the merits;

(2)     whether the moving party would suffer irreparable harm if the injunction is not granted;

(3)     whether granting the injunction would cause substantial harm to others; and

(4)     whether granting the injunction would serve the public interest.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689–90 (6th Cir. 2014). These elements are factors to be considered and balanced in each case, not rigid requirements. *Jones v. Hamilton Co. Gov't, Tenn.*, 530 F. App'x 478, 484 (6th Cir. 2013). But "[w]hen a party seeks a preliminary injunction on the basis of a potential constitutional violation, 'the likelihood of success on the merits often will be the determinative factor.'" *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012). Even in other cases, while "no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *O'Toole v. O'Connor*, 802 F.3d 783, 788 (6th Cir. 2015). When assessing the evidence adduced by the movant, the Court is mindful that "the proof required [to obtain a preliminary injunction] is much more stringent than the proof required to survive a summary judgment motion." *Farnsworth v. Nationstar Mtg., LLC*, 569 F.

4

App'x 421, 425 (6th Cir. 2014). Here, Robinson offers only his own allegations, unaccompanied by any medical records or other documentation establishing both the severity of his condition and the urgency for its treatment. On the present record he has failed to establish a sufficient substantive basis for the relief requested.

Even if this were not so, his motion falters on procedural grounds. The Supreme Court has repeatedly admonished that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). Accordingly, Federal Rule of Civil Procedure 65 requires the party requesting a temporary restraining order to set forth specific facts in an affidavit or a verified complaint that demonstrate that he will suffer immediate and irreparable injury *before* the opposing party can be notified and heard in opposition. Fed. R. Civ. P 65(b)(1)(A). The movant must also certify in writing the efforts that were made to notify the opposing party and explain why further efforts should not be required. Fed. R. Civ. P. 65(b)(1)(B). The Court should deny a motion for a temporary restraining order where the movant fails to satisfy both the procedural and substantive requirements of Rule 65(b). *Mickelson v. Mickelson*, No. 5: 16-CV-267-KKC, 2016 WL 3951085, at * 1 (E.D. Ky. July 20, 2016).

Here, Robinson did not set forth facts establishing his compliance with the procedural requirements of Rule 65(b). Defendants will also be served with process, so that the matter will soon be heard in any event.  The Court will therefore deny Robinson's motion for a temporary restraining order.

Accordingly, it is **ORDERED** as follows:

1.     Robinson's claims against Dr. Stella are **DISMISSED** with prejudice.

    2.      Robinson's Emergency Motion for Temporary Restraining Order, **[R. 5]**, is

**DENIED.**

    3.      A Deputy Clerk shall prepare a "Service Packet" for Laurel County, Kentucky;

Jailer Jamie Mosley; Medical Administrator Jamie Hart; and APRN Chastity. Each Service

Packet shall include:

    a.      a completed summons form;
    b.      the Complaint **[R. 1]**;
    c.      this Order; and
    d.      a completed USM Form 285.

    4.      The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington,

Kentucky and note the date of delivery in the docket.

    5.      The USMS shall make arrangements with the appropriate officials at the Laurel

County Detention Center to personally serve Jailer Jamie Mosley, Medical Administrator Jamie

Hart, and APRN Chastity with Service Packets at:

    Laurel County Detention Center
    440 Hammock Road
    London, KY 40744

    6.      The USMS shall send the Service Packet for Laurel County, Kentucky by

certified mail, return receipt requested, deliver to addressee only, to:

    David Westerfield
    Laurel County Judge Executive
    101 South Main Street, Suite 320
    London, KY 40741

This the 22nd day of March, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

6