# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

| | |
|---|---|
| JERRY ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 6:22-CV-52-CHB-MAS |
| ) | |
| LAUREL COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT & RECOMMENDATION

Defendants Laurel County, Jamie Mosely, Jamie Hart, and Chasity King ("Defendants") have moved for summary judgment against Plaintiff Jerry Robinson ("Robinson") arguing the latter's claims fail as a matter of law. [DE 72, 75]. Namely, Defendants suggest Robinson, a prisoner housed by Defendants, has not raised a constitutional violation that would afford him relief. Robinson counters that he has, in fact, provided sufficient facts to permit his claim to advance to trial. [DE 74]. Having carefully reviewed the record, the Court recommends granting the motion.

### I.  FACTUAL BACKGROUND

In the late summer of 2020, Robinson was housed at the Laurel County Correction Center ("LCCC") as a pretrial detainee. [DE 1]. Per his Complaint, Robinson began experiencing severe pain in his groin in and around January 2022. [DE 1, Page ID# 2]. Robinson does not recall when he first informed Defendants on his pain [DE 72-2, Page ID# 518], but, per Robinson, he was seen 15–20 more times by Defendants about various medical complaints, including his groin issue over the following weeks. [DE 72-2, Page ID# 510]. Initially, Robinson received an ultrasound on February 3, 2022, that revealed a cyst on his testicle and, per Robinson, a "vein problem". [DE

1

72-2, Page ID# 510]. He then met with Della Thomas on February 25, 2022, who confirmed the diagnosis with him. [DE 1, Page ID# 3–4]. As Robinson tells it, Della Thomas suggested Robinson may need surgery, but she provided no further explanation or identified the surgery. [DE 1, Page ID# 4]. Defendants provided Tylenol and other, over the counter pain medication, but Robinson declined any prescription medication. [DE 72-2, Page ID# 511, 527].

After repeated visits with medical staff to resolve and/or mitigate the issue, Robinson was transported to Baptist Health Urology for an examination. [DE 72-2, Page ID# 502]. The urologist examined Robinson and determined that his testicles were not swollen and no further medical intervention, including surgery or follow-up appointments, was necessary. [DE 72-2, Page ID# 503, 508].

Robinson filed this Complaint arguing that he did, contrary to the urologist's opinion, need surgery and Defendants have delayed in providing such care.

## II.    ANALYSIS

### A.    SUMMARY JUDGMENT STANDARD

A motion under Rule 56 challenges the viability of another party's claim by asserting that at least one essential element of that claim is not supported by legally sufficient evidence. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). A party moving for summary judgment must establish that, even viewing the record in the light most favorable to the nonmovant, there is no genuine dispute as to any material fact and that the party is entitled to a judgment as a matter of law. *Loyd v. St. Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014). The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). To defeat a properly supported motion for summary judgment, the party opposing it may not "rest upon mere allegation or denials of his pleading," but must present affirmative evidence supporting his claims. *See*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). If the responding party's allegations are so clearly contradicted by the record such that no reasonable jury could adopt them, the court need not accept them when determining whether summary judgment is warranted. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.    ROBINSON'S EIGHTH AMENDMENT CLAIM**

Section 1983 is an Act that creates a vehicle for plaintiffs to enforce the provisions of the United States Constitution and federal laws in response to conduct of a defendant taken under color of state law. To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Robinson maintains the supposed delayed mishandling of his medical treatment serves as a deprivation of his right to be free from cruel and unusual punishment under the Eighth Amendment by Defendants in their respective roles at LCCC. [DE 1].

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976) (internal quotation marks and citations omitted). "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny [under] the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 531 (1993). The Constitution requires those who have been delegated governmental power, "to provide medical care for those whom it is punishing by incarceration," and "the failure to provide such medical care may result in a violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Estelle*, 428 U.S. at 103). "Where prison officials are so deliberately indifferent to the serious medical needs of prisoners as to unnecessarily

3

and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment." *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citing *Estelle*, 429 U.S. at 104). Thus, "to state a cognizable claim [under the Eighth Amendment regarding medical care] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle*, 429 U.S. at 106. Stated another way, a prisoner must show both "deliberate indifference" and "serious medical needs." *Id*.; *see also Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001) (stating "[t]o sustain a cause of action under § 1983 for failure to provide medical treatment, plaintiff must establish that the defendants acted with deliberate indifference to serious medical needs").

Assuming, without deciding, that Robinson had a serious medical need, he nevertheless fails to show Defendants were deliberately indifferent. According to the Supreme Court, an Eighth Amendment deliberate indifference claim requires both an objective and subjective component. *Cornstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001); *see also Harrison*, 539 F.3d at 518 (stating "the failure to address a serious medical need rises to the level of a constitutional violation" only "where both objective and subjective requirements are met"). In other words, "the deliberate indifference standard contains both an objective component (was the deprivation sufficiently serious?) and a subjective component (did the officials act with a sufficiently culpable mind?)." *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)). The Sixth Circuit Court of Appeals distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In cases where, as here, a plaintiff "has received some medical attention and the dispute is over

4

the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id*.

Robinson has failed to set forth evidence that Defendants were deliberately indifferent to his groin and "vein" problem. Robinson admits that he received treatment, including 10–15 appointments with medical staff. [DE 72-2, Page ID# 524]. He received pain medication and declined prescription pain medication. [DE 72-2, Page ID3 511, 527]. The issue, as Robinson puts it, is that he "got some treatment from the jail but not the kind of treatment" he thought he needed. [DE 72-2, Page ID# 524, 517 (his "rights were violated because treatment was delayed"]. He claims that he should have received a yet unidentified surgery to correct a yet fully diagnosed problem. Robinson's argument, however, collapses upon his visit to a urologist who plainly states, per Robinson, that Robinson's treatment was not delayed [DE 72-2, Page ID# 507], Robinson did not need surgery [DE 72-2, Page ID# 508], and Robinson did not even need a follow-up appointment barring swelling in his testicles [DE 72-2, Page ID# 508]. In summary, Robinson had a medical problem that was repeatedly addressed by Defendants, including a visit a license medical doctor in the relevant field who opined that there was no delay, and no further treatment was necessary.

Robinson argues that, at one point, Della Thomas suggested he might need surgery. [DE 1, Page ID# 3–4]. Even assuming Della Thomas was firm in her opinion and specific about the necessary surgery, a licensed doctor specializing in urology disagreed with any such notion. As this Court has stated previously, at best, Robinson's "complaints . . . amount to nothing more than a disagreement with the course of treatment he received at the detention center, which is not actionable. *White v. Corr. Med. Services Inc.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("Although [the inmate] did not receive the care he wanted, the conduct he alleged did not constitute a

5

deliberate indifference to his medical needs.") (citation omitted); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) ("[W]here the plaintiff has been treated for diabetes but disagrees with the efficacy of the treatment, he has, at best, alleged a claim for medical negligence.") (citation omitted)." *Schulker v. Kenton County*, No. 10-cv-143-DLB, 2013 WL 190210, at *4 (E.D. Ky. Jan. 17, 2013). Robinson may firmly want a different medical procedure, but the Constitution does not mandate that Defendants are required to answer every medical whim of detainees. Rather, not "every claim by a prisoner that he has not received adequate medical treatment ... [is] a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105.

### III.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Court **GRANT** Defendants' Motion for Summary Judgment [DE 72].

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), FED. R. CIV. P. 72(b), FED. R. CIV. P. 72(b), and local rule, within **fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this 16th day of August, 2023

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY